59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 NORMAC FOODS, INC., an Oklahoma corporation, Plaintiff-Appellant,
v.
LUMBERMENS MUTUAL CASUALTY COMPANY; Federal Insurance
Company, Defendants-Appellees.
 No. 94-6370.
 United States Court of Appeals, Tenth Circuit.
 June 21, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 ANDERSON
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Normac Foods, Inc., brought this declaratory judgment action seeking a determination that the defendant insurers have a duty to defend Normac in certain actions pending against Normac. Normac appeals from the district court's grant of summary judgment in favor of the insurers. We have jurisdiction under 28 U.S.C. 1291. We review a grant of summary judgment de novo. James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994).
 
 
 3
 The relevant facts are quite simple. Normac had two contracts with Wilson Foods Corporation. One was a manufacturing agreement under which Wilson manufactured sausage products for sale to McDonald's restaurants. The other was an equipment lease under which Normac leased to Wilson equipment that Wilson used to manufacture the sausage products under the manufacturing agreement. The lease required Wilson to provide liability (and other) insurance "at all times ... with respect to the Equipment and use thereof." Appellant's App. at 177. Defendants provided the insurance required by the lease. The lease provided that it "shall be terminated automatically upon termination of the Manufacturing Agreement." Id. at 175.
 
 
 4
 On July 1, 1991, Normac informed Wilson that "we plan to terminate our Sausage Manufacturing Agreement with you ... on October 19, 1991." Id. at 308. Wilson ceased manufacturing on October 19, but some of the equipment remained in Wilson's leased facilities until March 16, 1992, when a fire broke out in the leased facilities. Several actions were filed against Normac for damages resulting from the fire, contending that workers trying to remove Normac's equipment caused the fire.
 
 
 5
 Normac then brought this action alleging that defendants are obligated under the insurance provision of the equipment lease to defend it against these actions. Normac contends that Wilson's obligation to provide insurance did not end upon cessation of sausage manufacturing, but continued through the time of the fire. It contends essentially that removal of the equipment from Wilson's premises was an implied obligation under the two contracts and that the insurance obligation remained until it removed the equipment from Wilson's premises.
 
 
 6
 Under Oklahoma law, which the parties assert governs this action, interpretation of a contract and whether it is ambiguous is a question of law. Dodson v. St. Paul Ins. Co., 812 P.2d 372, 376 (Okla.1991). We interpret contracts to give effect to the mutual intent of the parties, and where "the language of the contract is clear and unambiguous, we derive the intent of the parties from the plain language of the contract." Dillon Family & Youth Servs., Inc., v. Department of Human Servs., 965 F.2d 932 934 (10th Cir.1992) (citing Okla. Stat. tit. 15, 152-154).
 
 
 7
 We agree with the district court that, based on the plain language of the contracts, the manufacturing agreement terminated on October 19, 1991. Correspondingly, termination of that agreement terminated the lease and ended Wilson's insurance obligation. Though the equipment remained on Wilson's premises following termination of the contracts, there was no agreement--implied or otherwise--to extend Wilson's insurance obligation beyond the end of the manufacturing agreement. We have considered Normac's other contentions and find them equally unpersuasive.
 
 
 8
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470